Scott, C.J.
The first error assigned in this case, appears to rest on the supposed invalidity of a nuncupative will, devising real estate. The will in question was made while the statute of 1824 was in force (2 Chase, 1306), and it has been expressly held that under the ninth section of this act, a nuncupative will made in conformity thereto, is sufficient to pass-title to lands in this state. Gillis and wife v. Weller, 10 Ohio Rep. 462.
The second error assigned, and on which alone counsel relies in argument, is, that the court erred in admitting evidence showing that the land described in the petition was the land intended to be devised by said will, and that the number of the township was, by mistake, called and written three, instead of two, in said will.
The exception of the plaintiffs in error, is not to the character or quality of the evidence which was offered in explanation of the testator’s intention, for the record is silent on that subject; but the objection goes broadly to the competency of any evidence whatever, dehors the will itself, for the purpose of showing that the land intended to be devised was1 *384 situated in township two, of range thirteen, in the Ohio Company’s purchase, and not in township three, as described in the will. There happens, unfortunately, in this case, to be two fractional sections twelve, in range thirteen of the Ohio ■Company’s purchase, one in township two, and the other in township three, and it is argued by counsel, that as the testator has described the latter fraction, in terms clear, plain and unambiguous, no evidence can be received to show his intention to have been different from that evidenced by the language of -the will. And to hold otherwise, it is said, would be not to construe the will, but to make one for the testator; Rut it must be apparent, that we can not intelligently determine the question which is here attempted to be raised, without having before us all the provisions of the will offered in evidence, which might throw light upon the subject of the •devise in question. The whole will was offered in evidence, but the bill of’ exceptions contains only the substance of a single clause or item of it. We may, perhaps, fairly assume, from the language of the record, that the will contained no other direct devise of the premises in controversy, to the defendant in error; and it may be conceded, that the language of this clause, in describing the locality of the lands devised, is apparently plain, clear and unambiguous. Yet other portions of the will, when read in the appropriate light of surrounding circumstances, may have left no room for doubt, that the description of the subject of this devise was in part false. Proof of extrinsic circumstances is always competent,- and, indeed, indispensable, for the purpose of applying any verbal description in a written instrument to its proper subject. For aught that appears, the devise in question may have been followed by another, giving to a different object of the testator’s bounty, the farm on which he then resided, and describing it as “ adjoining the lands devised by the pre •ceding item of this will, to Thomas Oarleton for life, with remainder in fee to William Oarleton.” And the evidence admitted by the court, and excepted to by the plaintiffs i-n error, may have consisted of parol proof that the testator, at the date of the will, resided on a farm adjoining fraction twelve *385 in township two, and many miles distant from the corresponding fraction in township three. Or, other portions of the will may have shown that the intention of the testator, in making it, was only to dispose of the property which he then owned,, and not to die intestate as to any portion of his estate; and the proof received by the court, probably, did show, that if no part of the description of the land devised to the Carletons were rejected as false, then the testator died intestate as to all the lands which he owned, and attempted to dispose only of that which he never claimed. To suppose that the testator could have intended a disposition only of property which he might subsequently acquire, would be highly unreasonable, as the will was nuncupative, made in extremis, on the day of his death, and could only become valid, under the statute, by the fatal termination of the disease, under which he was then suffering.
But independent of this, his intention may have been clearly shown, as we have said, by other parts of the will. And in such case, if it were shown, by extrinsic proof, that the only-land owned by the testator, was situated in fraction twelve, of township two, in range thirteen of the Ohio Company’s purchase,, the false designation of “ township three,” might well be rejected, and the remaining description would still, with reference to extrinsic circumstances, be absolutely certain. In-all such cases, the maxim, “falsa demonstrate non noeet,” is properly applied. In illustration of this principle, it is said: “ If a testator devise his Mach hors.e, having only a white one, or devise his freehold houses, having only leasehold houses, the white horse in the one case, and the leasehold houses in the other, would clearly pass.” Wigram on Wills, 54, 55; 1 Ves., sen. 255; 1 P. Wms. 286.
The cases are numerous, in which a false description has been rejected, where enough remains, taken, in connection with extrinsic facts, to identify the subject matter. A devise of a testator’s house and lot in Fourth street, Philadelphia was held sufficient to pass a house and lot, in Third street, Philadelphia, owned by the testator; the parol evidence showing that he owned no house and lot in Fourth street. Lessee *386 of Allen v. Long, 2 Wash. Cir. Ct. Rep. 475. In the case of Riggs v. Myers, 20 Misso. Rep. 239, a mistake in the description of the lands devised, occurring, as in this case, in the designation of the township, was permitted to be corrected by parol proof. In the Missouri case there were several devises of different tracts of land, but all described in the will, as being in section four, in township sixty, of range thirty-eight, lying in Holt county, Missouri — and, in one of the devises, reference was made to “ the Big Spring.” Parol evidence Avas held to be admissible, to show that the corresponding portions of section four, in township fifty-nine, in the same range and county, were intended to be devised, it appearing that the “ Big Spring ” was upon section four, in township fifty-nine, and that the testator never owned or claimed any land in section four, of township sixty. The analogy between that case and the present, Avould, perhaps, be found perfect, if the whole will were before us.
Without multiplying instances, we may say that in all such • cases, parol evidence is admissible, not to alter or vary the intention indicated by the terms of the will, but to enable the court to construe the whole instrument, in view of the circumstances which surrounded the testator when making it.
As the record in this case, neither exhibits the whole will, nor the evidence offered for the purpose of showing mistake in a part of the description of the premises intended to be devised, we can not say that the court erred in receiving the evidence offered, and the judgment must, therefore, be af-Rrmed. •
Sutliee, Peck, Gholson and Brinkerhoee, J J., concurred.